IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY C.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 3:20-cv-00397-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Kelly C. seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Defendant Commissioner moves to dismiss. Def.'s Mot. Dismiss, ECF No. 11. Because Plaintiff failed to commence a civil action within sixty days of the final decision of the Commissioner, Defendant's Motion to Dismiss (ECF No. 11) is GRANTED.

## BACKGROUND

    Following a court remand, the Administrative Law Judge ("ALJ") issued an unfavorable decision on August 14, 2017. Voegele Decl. Ex. 2 at 1, ECF No. 12. The Notice of Decision

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

informed Plaintiff of her right to file exceptions within thirty days of receipt of the decision, to request an extension of time to file exceptions, or to file an action in federal district court. *Id.* at 2–3.

Plaintiff maintains that she filed exceptions by fax on September 18, 2017. Pl.'s Resp. 1, ECF No. 13. Allowing five days for mailing time, this is within the thirty-day time period. However, the Appeals Council has no record of these exceptions.

More than two years later, on September 26, 2019, Plaintiff filed a supplemental brief, also via fax. Pl.'s Resp. 1. That supplemental brief referenced the September 18, 2017 fax. *Id.* On October 29, 2019, the Appeals Council asked Plaintiff to provide proof that she timely filed exceptions. Voegele Decl. Ex. 4, at 1. The letter noted that Plaintiff must provide that proof within thirty days of the date of the letter. *Id.* Plaintiff's counsel did not respond within that time frame.[2] On January 10, 2020, the Appeals Council found that Plaintiff had neither filed exceptions nor requested more time to file exceptions. Voegele Decl. Ex. 5, at 1. That letter noted that "[t]he Administrative Law Judge's decision is the final decision of the Commissioner of Social Security after remand by the court." *Id.* Plaintiff then filed suit in this court.

## DISCUSSION

A claimant must commence an action for judicial review within sixty days of the Commissioner's final decision. 42 U.S.C. § 405(g); *see also* 20 C.F.R § 422.210(c). This 60-day requirement is not jurisdictional, but rather a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

Plaintiff argues that the ALJ's decision did not become final until the January 10, 2020 Notice. Pl.'s Resp. 2. However, when a case has previously been remanded by a federal court, as

---

[2] Three months later, Plaintiff's counsel did eventually respond to this request for proof, after Plaintiff had received the Appeals Council's notice that they had neither received exceptions nor a request for more time.

here, the ALJ's decision becomes the final decision after sixty days if no exceptions have been filed. 20 C.F.R. §§ 404.984, 416.1484. The ALJ's August 14, 2017 decision informed Plaintiff of these deadlines:

> If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61 st day following the date of this notice. After my decision becomes final, you will have 60 days to file a new civil action in Federal district court. You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final. However, you can ask the Appeals Council to give you more time to file a civil action. The Appeals Council will grant your request for more time only if you can show a good reason for needing more time. We will not send you any more notices about your right to file in Federal district court.

Voegele Decl. Ex. 2, at 2.

The ALJ's decision became the Commissioner's final decision on October 14, 2017. Because Plaintiff failed to seek judicial review within sixty days of the Commissioner's final decision, Plaintiff's claim is time-barred.

## **CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 11) is GRANTED. This case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 6th day of September, 2022.

s/ Michael J. McShane  
Michael J. McShane  
United States District Judge

3 – OPINION AND ORDER